IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN D. DURHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:08CV839-SRW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF OPINION**

On September 14, 2005, plaintiff John D. Durham filed an application for a period of disability and disability insurance benefits, alleging that he became disabled as of September 7, 2005, due to Post-Traumatic Stress Disorder (PTSD). (R. 54-60).  On April 10, 2008, after an administrative hearing, the ALJ rendered a decision finding that plaintiff was not under a disability, as defined in the Social Security Act, from his alleged onset date through the date of the decision. (R. 14-22).[1]  On August 29, 2008, the Appeals Council denied plaintiff's request for review and, accordingly, the decision of the ALJ remains the final decision of the Commissioner. Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's decision. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Upon review of the record and briefs submitted by the parties, the court concludes that the Commissioner's decision is

---

[1]The ALJ determined that plaintiff's date last insured was September 30, 2006.  (R. 14; see also R. 52).

due to be reversed.

**DISCUSSION**

In his appeal to this court, plaintiff contends that the Commissioner's decision must be reversed because the ALJ failed to give his 100% disability rating from the Department of Veterans Affairs ("VA") "great weight," or to provide his reasons for discrediting the VA finding.  "A VA rating is certainly not binding on the [Commissioner], but it is evidence that should be considered and is entitled to great weight."  Rodriguez v. Schweiker,  640 F.2d 682, 686 (5th Cir. Unit A, Mar. 25, 1981).  The Commissioner does not dispute that plaintiff, a Vietnam veteran, has a 100% disability rating from the VA, nor does he contend that the ALJ expressly stated the weight he gave to the VA disability rating and his reasons for discrediting it.  Rather, the Commissioner argues that the ALJ "recognized that the VA found Plaintiff 100% disabled" and that, by articulating specific reasons for his determination regarding the plaintiff's residual functional capacity, "the ALJ implicitly gave the VA's disability rating little weight."  (Commissioner's brief, pp. 8-9).

The ALJ does mention the VA disability rating in his written decision. Within his summary of plaintiff's March 4, 2008 hearing testimony, he writes: "The claimant has a 100% disability rating from the military. He was diagnosed with PTSD in 2001 and was granted disability in 2005.  The claimant started at 30% disability related to PTSD." (R. 19). This summary is close to plaintiff's actual testimony, but it is not precisely accurate. Precision on this point matters – or, at least, it could – because plaintiff's date last insured was September 30, 2006, nearly a year and a half before his administrative hearing.

2

Plaintiff testified as follows:

Q [by ALJ]  Now, you have a hundred percent disability from the military, is that correct?

A  Yes, that's correct.

Q  Okay.  Now, when did you get *that disability*?

A  I got, I was diagnosed with that PTSD in 2001, but I didn't get it until '05, March '05.

Q  Okay, now before you got it in '05, were you disabled in any way, like at 20 percent or 40 percent?

A  I was 30 percent.

Q  Okay.

A  They gave me 70 more percent.

Q  And was the 30 percent related to PTSD?

A  Yes, sir.

(R. 957-58)(emphasis added).

The ALJ's summary of plaintiff's testimony suggests that, while plaintiff currently "has a 100% disability rating," he was "started at 30% disability" when he "was granted disability in 2005." It is not apparent whether the ALJ remembered that plaintiff had testified that the VA's 30% disability rating was *before* March 2005 and that he had a 100% disability rating thereafter. Thus, even if "the ALJ recognized that the VA found Plaintiff 100% disabled[,]" -- as the Commissioner argues -- the court cannot conclude from the language of his written decision that he was aware that plaintiff had a 100% disability rating from the

VA well before his date last insured.[2]

The Commissioner acknowledges that the ALJ must consider the VA disability rating and that "[t]he ALJ must also articulate the weight given to 'each item of evidence and why he reached that decision,' including evidence of another disability decision." (Commissioner's brief, pp. 7-8).  However, the Commissioner contends – relying on <u>Kemp v. Astrue</u>, 308 Fed. Appx. 423 (11th Cir. 2009) – that by making a single reference to the VA disability rating in summarizing plaintiff's testimony and concluding that plaintiff is not disabled, the ALJ "implicitly" made a decision to give the rating "little weight." (Commissioner's brief, pp. 8-9).  In <u>Kemp</u>, the Eleventh Circuit affirmed the Commissioner's decision denying a disability claim even though it noted that "the ALJ did not specifically state that he gave great weight to the VA's disability ratings."  <u>Id.</u> at 426.  The court reasoned:

> Kemp asserts that the ALJ failed to give the disability ratings that the VA assigned to Kemp great weight. "A VA rating is certainly not binding on the Secretary, but it is evidence that should be considered and is entitled to great weight." <u>Rodriguez v. Schweiker</u>, 640 F.2d 682, 686 (5th Cir.1981). The SSA regulations specify that a decision by any non-governmental or governmental agency about whether an individual is disabled is based on its own rules and does not constitute a SSA decision about whether an individual is disabled. 20 C.F.R. § 404.1504.
>
> The ALJ must "state specifically the weight accorded to each item of evidence

---

[2]  The administrative transcript contains nearly 800 pages of VA medical records which include treatment records spanning a period of six years, between January 2002 and February 2008. (Exhibits B1F, B5F, B7F, B9F, B10F).  While the ALJ summarizes these medical records briefly (R. 19), he does not acknowledge that the VA's medical records also indicate that plaintiff had a 100% service-connected disability rating from the VA before his date last insured.  <u>See, e.g.</u>, R. 288-93 (March 2006 discharge summary). Aside from a single sentence noting plaintiff's July 2007 hospitalization for problems including PTSD, the ALJ's summary omits any reference to those portions of the VA medical record that the Commissioner cites before this court as "relevant to Plaintiff's PTSD."  <u>See</u> Commissioner's brief, p. 2 n. 2 and pp. 3-4; ALJ's summary at R. 19.

and why he reached that decision." <u>Cowart v. Schweiker</u>, 662 F.2d 731, 735 (11th Cir.1981). We have recognized, however, that the ALJ may implicitly make a determination. See <u>Hutchison v. Bowen</u>, 787 F.2d 1461, 1463 (11th Cir.1986) (recognizing that the ALJ may make an implied finding that a claimant did not meet a listed impairment).

In this case, the ALJ did not specifically state that he gave great weight to the VA's disability ratings. However, the ALJ continuously refers to the VA's evaluations and disability rating throughout the evaluation process. The ALJ gave specific reasons for why the VA's 30% disability rating based on PTSD did not qualify the condition as a severe impairment under the SSA guidelines. The ALJ relied on the VA's diabetes determination in finding that the diabetes was a severe impairment. Furthermore, the ALJ relied on VA records to determine that Kemp had cervical spondylosis, that Kemp had mild carpal tunnel syndrome, and that Kemp could walk up to a mile and climb two flights of stairs.

The ALJ relied on the VA records and referenced the disability ratings, in addition to rest of the relevant evidence, throughout his decision. As a result, he implicitly found that the VA disability ratings were entitled to great weight.

<u>Id</u>.  In <u>Williams v. Barnhart</u>, 180 Fed. Appx. 902 (11th Cir. May 23, 2006), the Eleventh

Circuit vacated a district court judgment affirming the decision of the Commissioner[3] and

directed that the case be remanded to the Commissioner for further proceedings, where it was

"undisputed that the ALJ did not reference or address the [VA] Rating Decision" in his

decision.  <u>Id</u>.

The ALJ's decision in the present case is unlike that in <u>Williams</u>, which included no

reference to the VA disability rating.  However, it is also unlike the decision in <u>Kemp</u>, which

demonstrated clearly that the ALJ had factored the disability rating into his analysis of

---

[3] The claimant had testified, at the administrative hearing, that he was receiving disability benefits from the VA. The district court found that the ALJ's failure to accord the VA determination any weight constituted legal error, but concluded that the error was harmless. <u>Williams v. Barnhart</u>, Civil Action No. 3:04CV753-VPM (M.D. Ala. 2005), Doc. # 20, Memorandum Opinion and Order.

plaintiff's claim, even though he had not stated that he had assigned it "great weight."  The decision before this court is, rather, like that in Rodriguez, the binding Fifth Circuit case cited by the Commissioner in this case and by the Eleventh Circuit in Kemp, *supra*. The Rodriguez court stated:

> Although the ALJ mentioned the Veterans Administration disability rating on Rodriguez, he obviously refused to give it much weight. A VA rating is certainly not binding on the Secretary, but it is evidence that should be considered and is entitled to great weight. A VA rating of 100% disability should have been more closely scrutinized by the ALJ.

Rodriguez, 640 F.2d at 686 (citation omitted).  As the Commissioner recognizes, the Fifth Circuit later explained that, despite the language of Rodriguez, "ALJs need not give 'great weight' to a VA disability determination *if they adequately explain the valid reasons for not doing so*." Chambliss v. Massanari, 269 F.3d 520, 523 (5th Cir. 2001)(emphasis added); see Commissioner's brief, p. 9.

The Commissioner contends that plaintiff's appeal is without merit because "[the ALJ's] decision to find Plaintiff not disabled, and thus give the VA rating little weight, is adequately explained and supported by substantial evidence in the record." (Id., p. 9).  In other words, the Commissioner asks this court to affirm – even though the ALJ neither gave the VA disability rating "great weight" nor explained his reasons for declining to do so – because the ALJ *otherwise* explained his decision denying benefits and that decision is supported by substantial evidence.  The court cannot do so without ignoring what the law requires of the ALJ.  The court "must reverse [the ALJ's decision] when the ALJ has failed to 'provide the reviewing court with sufficient reasoning for determining that the proper legal

analysis has been conducted.'" Hanna v. Astrue, 2010 WL 3511023 (11th Cir. Sept. 9, 2010)(citation omitted).  The ALJ's written decision does not indicate – either expressly or implicitly – that he considered the 100% VA disability rating at all in analyzing plaintiff's claim for benefits. He has failed to provide the court with a sufficient basis for determining that he conducted the proper legal analysis and, accordingly, the decision is due to be reversed.[4,][5]

---

[4] In his brief, the Commissioner sets forth the evidence on which the ALJ *could have* relied to reject the 100% disability rating.  There may very well be ample reason, supported by the record, for discounting the VA's rating.  However, because the ALJ did not state his reasons, the court cannot evaluate them for substantial evidentiary support.  Here, the court does not hold that the ALJ's ultimate conclusion is unsupportable on the present record; the court holds only that the ALJ did not conduct the analysis that the law requires him to conduct.

[5] Although this issue was not raised by the plaintiff, the court further notes that the ALJ did not address the opinion of plaintiff's treating physician, Dr. Borlaza, that plaintiff is unable to maintain gainful employment.  (R. 922-25).  The description of this evidence in the Commissioner's brief suggests that his attorney believes that Dr. Borlaza's opinion should be rejected because it was rendered "on February 25, 2008, long after Plaintiff's insured status expired[.]"  (Commissioner's brief, p. 4).  However, although the ALJ described the plaintiff's treatment on that date in his summary of the evidence (R. 19) and plaintiff's counsel pointed out Dr. Borlaza's opinion in his closing argument at the hearing (R. 982), the ALJ's written decision does not even acknowledge Dr. Borlaza's opinion.  Instead, the ALJ affirmatively reasoned that, "[a]s for the opinion evidence, the record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even has limitations greater than those determined in this decision."  (R. 21).  Additionally, when a claimant presents a colorable claim of a mental impairment, as plaintiff has here – the ALJ found he suffers from the severe impairment of PTSD – the ALJ must either complete a PRTF and append it to his decision or incorporate its mode of analysis into his findings and conclusions.  Moore v. Barnhart, 405 F.3d 1208, 1214 (11th Cir. 2005).  The ALJ here did neither. The fact that he describes, in his summary of the evidence, Dr. McAllister's PRTF findings (see R. 18) does not cure this omission, since the ALJ did not incorporate Dr. McAlister's opinion or state the weight that he accorded to it.  (Dr. McAllister, a state agency reviewing physician, signed the PRTF on November 15, 2005; a state agency psychologist whose signature is illegible signed the same form, with modifications,  on September 12, 2007.  See Exhibit 4F).  Likewise, the fact that the ALJ gave the testimony of expert witness psychologist Sydney Garner "substantial weight" does not suffice for this purpose, since the ALJ did not translate Dr. Garner's testimony into the findings required by the "special technique" set forth in 20 C.F.R. § 1520a for evaluating mental impairments. (See R. 20).  In Moore, the Eleventh Circuit concluded that the ALJ's finding that the claimant retained the RFC to perform her past relevant work was supported by substantial evidence; it, nevertheless, reversed the district court's judgment affirming the Commissioner's decision because the ALJ's failure to conduct the required analysis "require[d] remand."  Moore, 405 F.3d at 1213-14.  The law of this circuit clearly requires that an ALJ: (1) articulate his reasons for rejecting a treating physician's opinion; (2) use a "special technique" set forth in the Commissioner's regulations for evaluating mental

## CONCLUSION

For the foregoing reasons, the court concludes that the decision of the Commissioner is due to be REVERSED.  A separate judgment will be entered.

Done, this 24th day of September, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

impairments; and (3) give a VA disability rating great weight or explain why he is not doing so.  While the Appeals Council claims that it will review a case where "[t]here is an error of law" (see R. 6) and the Commissioner's regulations require it to do so (see 20 C.F.R. § 404.970), the Appeals Council denied review in this case. (R. 6).